

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
04/01/2011

| | | |
|---|---|---|
| IN RE: § | | |
| YONG SEOP YOON, § | Case No. 10-30558 | |
| Debtor(s). § | | |
| § | Chapter 7 | |
| § | | |
| JOSEPH M HILL, *et al*, § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | Adversary No. 10-3526 | |
| § | | |
| YONG SEOP YOON, § | | |
| Defendant(s). § | Judge Isgur | |

## MEMORANDUM OPINION AND ORDER

Yong Seop Yoon filed motions to dismiss this adversary proceeding for failure to state a claim under Fed. R. Bankr. P. 7012, which incorporates Fed. R. Civ. P. 12. ECF Nos. 12 & 13. The motions are denied, in part. Because Brown Bark I, L.P. ("Brown Bark")'s § 523(a)(2) action is abated, the Court abates consideration of the motion to dismiss Brown Bark's claims with respect to the § 523(a)(2) claim.

The Trustee's and Brown Bark's complaints set forth substantially the same allegations, and the Court considers the adequacy of their pleadings together. With respect to the § 727(a)(4)(D) claim, the Court will allow the Plaintiffs to replead with particularity in accordance with Fed. R. Bankr. P. 7009, incorporating Fed. R. Civ. P. 9(b). *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) ("Although a court may dismiss the claim [for failure to meet Rule 9(b)'s pleading requirements], it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."). With respect to the § 727(a)(5) claim, the Court grants the Trustee's request for leave to amend to add allegations. The Court denies Yoon's motions to dismiss with respect to all other claims.

### Rule 12(b)(6) Standard

The Plaintiffs assert causes of action for denial of discharge because of concealment of property under § 727(a)(2); for concealment of records under § 727(a)(3); for false oaths under § 727(a)(4)(A); for withholding records from the Trustee under § 727(a)(4)(D); for failure to turn over records with which the Trustee may determine the disposition of significant assets under § 727(a)(5); and for refusal to comply with lawful Court orders under § 727(a)(6).

The § 727(a)(2), § 727(a)(4)(A), and § 727(a)(4)(D) claims include fraudulent intent as an element and therefore must be pleaded with particularity under Fed. R. Civ. P. 9(b). *See*

*Guerriero v. Kilroy (In re Kilroy)*, 354 B.R. 476, 498 (Bankr. S.D. Tex. 2006) ("Because a fraudulent intent is required, § 727(a)(2) is subject to Rule 9(b)."). "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).

Under Fed. R. Civ. P. 8(a)(2), applicable to the other claims, a plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Ashcroft v. Iqbal*, the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts" must "permit the court to infer more than the mere possibility of misconduct." 556 U.S. ----, 129 S.Ct. 1937 (2009). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

**Analysis**

*1. § 727(a)(2)*

The Plaintiffs state a claim under § 727(a)(2) for concealment of property, even under the heightened pleading standards of Rule 9(b). Both the Trustee's and Brown Bark's complaints name specific properties that are alleged to have been concealed, including the Yoon Family Living Trust, various business interests, and the Laguna Woods Properties. Trustee's Compl. ¶¶ 9-21, ECF No. 1, at 3-6; Brown Bark's Compl. ¶¶ 12-23, No. 10-03527, ECF No. 1, at 5-23. Both complaints allege specific instances in which Yoon failed to disclose the existence of these properties. *See* Trustee's Compl. ¶¶ 9-10, 13-15, 18, ECF No. 1, at 3-6 (alleging that Yoon failed to disclose specific properties on his statement of financial affairs and 341(a) Meeting Questionnaire and Sworn Testimony).

Yoon questions whether the alleged transfers or concealment occurred within one year of the bankruptcy filing. ECF No. 12, at 3. The Court will not decide facts at the motion to dismiss phase, but looks only to the Plaintiffs' well-pleaded allegations. Although the Plaintiffs do not allege that Yoon transferred or concealed property in the year preceding bankruptcy, as required to state a claim under § 727(a)(2)(A), they state a claim under § 727(a)(2)(B), for transferring/concealing property of the estate after the filing. The Plaintiffs allege that Yoon failed to disclose his alleged ownership of the Yoon Family Living Trust, Trustee's Compl. ¶ 11-12, ECF No. 1, at 4, and a current interest in a property called 5393 Paseo Del Lago, Trustee's Compl. ¶ 21, ECF No. 1, at 6. The Court need not decide whether any other allegations of transfer or concealment state a claim under § 727(a)(2).

Furthermore, although the Plaintiffs do not specifically allege fraudulent intent, they allege ample facts that, if true, would support an inference of fraudulent intent. The Plaintiffs state a claim with particularity under § 727(a)(2).

*2. § 727(a)(3)*

The Plaintiffs also state a claim for concealment of records.  Actions under § 727(a)(3) are governed by the pleading requirements in Rule 8(a)(2), which require the allegations to plausibly give rise to an entitlement to relief.  The Plaintiffs allege that the "concealment of business interests . . . indicates that the Debtor has also concealed the business records corresponding to each business."  Trustee's Compl. ¶ 23, ECF No. 1, at 6-7.  Yoon argues that an allegation that concealment of the interests "indicates" concealment of records is not an affirmative assertion of fact.  The Court disagrees.  The Plaintiffs allege concealment, and the word "indicates" is used to lay out the factual basis for the allegation.  In addition, although the Plaintiffs do not specifically allege that the concealment made it impossible to ascertain Yoon's financial condition, they allege facts that would support such an inference.  It is plausible that the absence of any information regarding certain alleged business interests would prevent knowledge of Yoon's financial condition.  The Plaintiffs state a claim under § 727(a)(3).

*3. § 727(a)(4)*

The Plaintiffs state a claim for false oaths under the heightened pleading requirements of Rule 9(b).  The Plaintiffs allege specific instances of false statements allegedly made by Yoon, where the statements were made, and why the statements were fraudulent.  They allege, for example, that Yoon falsely omitted his former ownership of a property called the Monterey Springs Property on a Questionnaire, and that he falsely omitted his transfer of the Monterey Springs Property.  The Plaintiffs also incorporate similar specific allegations from the § 727(a)(2) portion of the complaint regarding Yoon's alleged false oaths concerning  the transfers and/or concealment of the Laguna Woods Properties, the Yoon Family Living Trust, and the alleged business interests.  Although the Plaintiffs do not specifically allege fraudulent intent, they allege ample facts, including the pattern of alleged nondisclosures and concealment, that would allow an inference of fraudulent intent.  The Plaintiffs state a claim under § 727(a)(4)(A).

The Plaintiffs do not state a claim for withholding information from the Trustee, with particularity, under § 727(a)(4)(D).  Although the Plaintiffs allege generally that Yoon concealed business records, they do not allege specific instances in which Yoon withheld records from the Trustee.  The Plaintiffs allege in this portion of the complaints that Yoon made false statements on Questionnaires, but they do not allege that Yoon withheld from the Trustee "any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs."  11 U.S.C. § 727(a)(4)(D).  Moreover, the Plaintiffs do not allege facts that would give rise to an inference of fraudulent intent in withholding records.  The Court will allow the Plaintiffs to amend their complaint to state a claim under § 727(a)(4)(D) with particularity.

*4. § 727(a)(5)*

The Plaintiffs' complaints do not state a claim for claim for failure "to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."  11 U.S.C. § 727(a)(5).  In his response to Yoon's motion to dismiss, however, the Trustee has requested leave to amend the complaint to

state a § 727(a)(5) claim. Trustee's Resp. ¶ 15, ECF No. 14, at 6. In addition, Brown Bark has requested leave to amend if more specific information is required as to any claim. Brown Bark's Resp. ¶¶ 18-20, ECF No. 15, at 10-11.

The Trustee's response states that Yoon "admitted that he is the sole owner of Knollwood Equipment, Inc. . . . but, as of the date of the filing of the Plaintiffs' complaint, the Debtor had not explained the disposition of this asset." The Court grants leave to amend the complaint.

5. *§ 727(a)(6)*

The Plaintiffs have adequately stated a claim for refusal to obey lawful orders of the Court under § 727(a)(6). The Plaintiffs have set forth numerous specific orders that Yoon allegedly refused to obey. Trustee's Compl. ¶¶ 4-5, ECF No. 1, at 2-3. Yoon argues that the Plaintiffs simply assert that Yoon "refused to obey" the Court's orders. However, the Plaintiffs also allege sufficient facts to support this assertion. In particular, Yoon's repeated failures to comply with orders could plausibly support an inference of willful and intentional noncompliance. The Plaintiffs therefore state a claim under § 727(a)(6).

## Conclusion

The Plaintiffs state a claim under § 727(a)(2), § 727(a)(3), § 727(a)(4)(A), and § 727(a)(6). Yoon's motion to dismiss is denied with respect to these claims.

The Court will allow the Plaintiffs to replead to state a state under § 727(a)(4)(D) with particularity. Finally, the Court grants leave to amend the complaint in order to state a claim under § 727(a)(5).

SIGNED **April 1, 2011.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE